CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 6 2020

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| MARCELLAS HOFFMAN, | ) | |
| Petitioner, | ) | Civil Action No. 7:18-cv-00265 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN BRECKON, | ) | By: Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Marcellas Hoffman, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. This matter is before the court on respondent's motion to dismiss or, in the alternative, for summary judgment. After reviewing the record, the court concludes that respondent's motion must be granted.

## I.

Hoffman is in the custody of the Warden of United States Penitentiary ("USP") Lee. He is serving a total of 65 years of incarceration on multiple 2010 convictions.

Hoffman appealed his convictions and original sentences. On September 13, 2005, the Court of Appeals for the Third Circuit affirmed Hoffman's convictions, but remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Hoffman, 148 Fed. App'x 122 (3d Cir. 2005) (unpublished). The Supreme Court denied certiorari. Hoffman v. United States, 546 U.S. 1050 (2005). Following resentencing, Hoffman again appealed. The Third Circuit affirmed. United States v. Hoffman, 271 Fed. App'x 227 (3d Cir. 2008) (unpublished). Hoffman apparently did not seek further review.

Hoffman then filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court. The district court denied the motion. United States v. Hoffman, Criminal No. 01-169-02, 2009 WL 3540770 (E.D. Pa. Oct 30, 2009). A later motion for relief from judgment was also denied. United States v. Hoffman, 2011 WL 4901366 (E.D. Pa. Oct. 14, 2011).

Hoffman subsequently sought leave to file a second or successive motion to vacate his sentence based on the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015), pursuant to 28 U.S.C. § 2255(h).[1] Resp. to Am. Mot. to Dismiss, Ex. 1. The Third Circuit denied leave. Id. Hoffman returned to the district court, filing two pleadings entitled "Memorandum in Support of His Actual Innocence Claim of 2255(e) of Marcellas Hoffman" and "Actual Innocence," pursuant to 28 U.S.C. §§ 2241 and 2255. Resp. to Amended Mot. to Dismiss, Ex. 2. The court dismissed the pleadings for lack of jurisdiction as "unauthorized successive motions for *habeas corpus* relief." Id.

Hoffman filed the petition on June 11, 2018. Respondent filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim, or, alternatively a motion for summary judgment, with supporting memorandum. Hoffman then filed a response to the motion to dismiss.

Respondent thereafter sought and received a stay from this court pending the Supreme Court's decision as to whether to grant the petition for certiorari in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). While the stay was pending, petitioner filed a motion to amend

---

[1] This apparently was not Hoffman's first attempt to file a second or successive motion to vacate his sentence. See See Resp. to Am. Mot. to Dismiss, Ex. 2 (stating that Hoffman had filed two previous motions to vacate pursuant to § 2255).

the original petition, which the court granted. After the stay was lifted, respondent filed an amended motion to dismiss or, in the alternative, for summary judgment. Hoffman filed a response to the amended motion to dismiss, followed by additional filings and motions (including a second motion to amend, which the court denied as futile).

Hoffman raises three claims in the instant amended petition. First, he challenges the 25-year consecutive sentence imposed for using and carrying a firearm during and in relation to a crime of violence (Count 5), because conspiracy to commit Hobbs Act robbery is not a crime of violence. Second, Hoffman argues that he is "actually innocent" of the 18 U.S.C. § 924(c) violation for using and carrying a firearm during and in relation to a drug trafficking crime (Count 3), which resulted in the 10-year consecutive sentence, because the Government specified one predicate offense in the indictment and the conviction was based on a different predicate offense. Third, he contends that the sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (Count 6), was improper.

## II.

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court

has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).[2]

In Wheeler, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)[3] for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Wheeler, 886 F.3d at

---

[2] The court has eliminated internal quotation marks, alterations, footnotes, and/or citations here and throughout this memorandum opinion, unless otherwise noted.

[3] Section 2255(h) provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(2).

429; see also Lester v. Flournoy, 909 F.3d 708, 712 (4th Cir. 2018) (applying Wheeler); In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (reaching same conclusion with respect to challenges to convictions and setting forth similar factors). The Wheeler court also affirmed that the requirements of the savings clause are jurisdictional. 886 F.3d at 423. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have subject matter jurisdiction to evaluate the merits of the petitioner's claims. Id. at 426–29. Although the court must apply the procedural standard in Wheeler, "[i]n evaluating the substantive law in a § 2255(e) savings clause analysis, the court must look to the substantive law of the circuit where a defendant was convicted." Ledezma-Rodriguez v. Brecken, No. 7:18-cv-00268 (JLK), 2019 WL 4644556, at *2 (W. D. Va. Sept. 24, 2019) (quoting Hahn v. Moseley, 931 F.3d 295, 300-01 (4th Cir. 2019)).

Hoffman cannot meet Wheeler's requirements for use of § 2255's savings clause.

Hoffman first challenges his conviction and sentence, a consecutive term of 25 years imprisonment, for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Am. Pet. at 4. The crime of violence at issue is conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951. Id. at 2.

Section 924(c) provides in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;

> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). At the time of Hoffman's sentencing, § 924(c) defined the phrase "crime of violence" as:

> For purposes of this subsection the term crime of violence means an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection "A" is commonly known as the "force" clause and subsection B as the "residual" clause. United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019).

Petitioner argues that "conspiracy to commit Hobbs Act Robbery cannot satisfy the threshold crime of violence under §924(c)." Am. Pet. at 4; see also id. at 8 (stating that "conspiracy fails to qualify categorically as a crime of violence within the meaning of 18 U.S.C. §924(c)(3)(A) as it does not have as an element the use, attempted use, or threatened use of physical force"). Hoffman bases his argument on the Supreme Court's decision in Sessions v. Dimaya, 138 S.Ct. 1204 (2018). Id. at 8-9.

In Dimaya, the Court found a similarly worded residual clause in the Immigration and Nationality Act ("INA") unconstitutionally vague. 138 S.Ct. at 1210. The INA "renders deportable any alien convicted of an aggravated felony after entering the United States." Id.

The statute "defines aggravated felony by listing numerous offenses and types of offenses, often with cross-references to federal criminal statutes," id. at 1211, including "a crime of violence (as defined in section 16 of title 18) for which the term of imprisonment is at least one year," id. Section 16 defined crime of violence in two parts, also known as the force and residual clauses, as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. (quoting 18 U.S.C § 16). The Court relied on its analysis in its earlier decision in Johnson, in which it invalidated the residual clause of the ACCA:[4]

> Johnson tells us how to resolve this case. That decision held that two features of ACCA's residual clause conspired to make it unconstitutionally vague. Because the clause had both an ordinary-case requirement and an ill-defined risk threshold, it necessarily devolved into guesswork and intuition, invited arbitrary enforcement, and failed to provide fair notice. Section 16(b) possesses the exact same two features. And none of the minor linguistic disparities in the statutes makes any real difference. So just like ACCA's residual clause, § 16(b) produces more unpredictability and arbitrariness than the Due Process Clause tolerates.

Id. at 1223; see also id. at 1212.

Hoffman argues that the same concerns are present with respect to § 924(c)(3)(B). See Am. Pet. at 9-12. In Hoffman's view, § 924(c)(3)(B) "is unconstitutional because it requires the same ordinary case analysis that Dimaya and Johnson found violates Due Process." Id. at

---

[4] The ACCA prescribes a 15-year mandatory minimum sentence if a person convicted of being a felon in possession of a firearm has three prior convictions for a violent felony or serious drug offense, or both. 18 U.S.C. § 924(e)(1). The residual clause defined violent felony as "conduct that presents a serious risk of physical injury to another." Dimaya, 138 S.Ct. at 1212 quoting 18 U.S.C. § 924(e)(2)(B)); see also Johnson, 135 S.Ct. at 2555-56.

9; see also id. at 11. Further, he argues, the language at issue "parallels the language the Supreme Court has deemed unconstitutional . . . ," id. at 9, in § 16(b) and § 924(e)(2)(B), see id. Before the court may address the merits of Hoffman's argument, however, he must clear Wheeler's hurdle. This he cannot do.

With respect to Wheeler's first requirement, it is clear that at the time of Hoffman's sentencing circuit or Supreme Court law established the legality of his sentence. See Wheeler, 886 F.3d at 429. In addition, the law changed subsequent to Hoffman's direct appeal and first § 2255 motion to vacate. See id. at 429 (describing second requirement). Although Dimaya is inapplicable to Hoffman's case, in United States v. Davis, 139 S.Ct. 2319 (2019), decided after Hoffman filed his amended petition and respondent filed his amended motion to dismiss, the Supreme Court held that § 924(c)(3)(B) was unconstitutionally vague. Id. at 2336; see also Simms, 914 F.3d at 237 (concluding that "§ 924(c)(3)(B) is unconstitutionally vague."). The Supreme Court followed its reasoning in Johnson and Dimaya. See Davis, 139 S.Ct. at 2325-26. At least two circuits have held that Davis is retroactively applicable to cases on collateral review. See, e.g., United States v. Reece, 938 F.3d 630, 635 (5th Cir. Sept. 30, 2019) (finding that Davis announced new rule of constitutional law retroactively applicable on a first § 2255 petition); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019) (holding that Davis was retroactively applicable in context of application for leave to file second or success § 2255 motion).[5]

---

[5] In Reece, the Fifth Circuit noted that the Supreme Court did not state that Davis was retroactively applicable to cases on collateral review. 938 F.3d at 635; see also Hammoud, 931 F.3d at 1039 (same). Section 2255(h)(2) requires that the "new rule must have been made retroactive to cases on collateral review by the Supreme Court." Hammoud, 931 F.3d at 1038 (quoting 28 U.S.C. § 2255(h)(2)). However:

Turning to the third Wheeler requirement, that the petitioner be unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions, Hoffman's challenge fails. Wheeler and Jones both involved statutory, not constitutional, decisions. See id. at 430 (noting that petitioner was "unable to satisfy the requirements of § 2255(h)(2) because Simmons[6] was a statutory decision . . ."); id. at 427 ("Unable to file a second or successive § 2255 motion because Bailey was a statutory (not a constitutional) decision, Jones attempted to file a § 2241 claim for relief by using the savings clause portal.") (citing Jones, 226 F.3d at 329-30; see also Lester, 909 F.3d at 712 (noting that petitioner could not meet § 2255(h)'s gatekeeping provisions because the case on which his claim was based was a "decision of statutory interpretation, not constitutional law"). By contrast, Johnson, Dimaya, and Davis were constitutional decisions. See Johnson, 135 S.Ct. at 2557 (describing residual clause as "unconstitutionally vague"); id. at 2563 (holding that imposing increased sentence under residual clause of ACCA "violates the Constitution's guarantee of due process"); see also Davis, 139 S.Ct. at 2336 (finding 18 U.S.C. § 924(c)(c)(3)(B) "unconstitutionally vague"); Dimaya, 138 S.Ct. at 1215 ("In sum, § 16(b) has the same two features that conspired to make ACCA's residual clause unconstitutionally vague."). Therefore, because Hoffman's claim falls

---

In Tyler v. Cain, the Supreme Court held that this requirement means that, for a new rule to be retroactive within the meaning of § 2255(h)(2), (1) the Supreme Court itself must have expressly held that the new rule is retroactive on collateral review, or (2) the Supreme Court's holdings in multiple cases must necessarily dictate the retroactivity of the new rule.

Id. at 1038-39. The court noted that in Welch v. United States, 136 S.Ct. 1257 (2016), the Supreme Court held that Johnson was retroactive to cases on collateral review. Hammoud, 931 F.3d at 1039. The Hammoud court concluded that "for purposes of § 2255(h)(2) . . . , taken together, the Supreme Court's holdings in Davis and Welch necessarily dictate that Davis has been made retroactively applicable to criminal cases that became final before Davis was announced." Id.

    6 United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

within the parameters of § 2255(h)(2) as a "new rule of constitutional law," 28 U.S.C. §
2255(h)(2), he is unable to satisfy Wheeler's third requirement. Accordingly, Hoffman may
not rely on § 2255(e)'s savings clause to bring his claim under § 2241. See Cook v. Warden,
USP Lee County, No. 7:18-cv-00311-GEC, 2019 WL 6221300, at *3 (W.D. Va. Nov. 21, 2019)
(noting that all four Wheeler requirements must be satisfied, and petitioner failed to satisfy
one of the four). His only recourse is to return to the Third Circuit and seek leave to file a
second or successive motion to vacate pursuant to § 2255(h).[7]

Hoffman next claims that he is actually innocent of the § 924(c) charge relating to the
drug trafficking offenses (Count 3), Am. Pet. at 12, which resulted in the 10-year consecutive
sentence. This is so, he argues, because the Government relied on a different predicate offense
than that specified in the indictment. Am. Pet. at 12-14. Hoffman states that "the
government's evidence linked the §924(c) charge under Count Two,[8] not to the charged
predicate offense of attempt to possess with intent to distribute, but to the predicate offense
of conspiracy to distribute and possess with intent to distribute." Id. at 14. Therefore:

> Because the government did indeed specify in the indictment that it was relying
> on the predicate offense of attempt to possess with intent to distribute, it was
> not allowed through the presentation of its evidence and arguments, and the
> district court was not allowed through its jury instructions to broaden the bases
> of conviction to include the different §924(c) predicate offense of conspiracy to
> distribute and possess with intent to distribute.

---

[7] The fact that Hoffman has previously been unsuccessful in this regard is irrelevant. See Jones, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); Vial, 115 F.3d at 1194 n.5.

[8] Hoffman misspoke. The § 924(c) charge is contained in Count Three. See United States v. Hoffman, 148 Fed. App'x at 126 n.1 (listing charges).

Am. Pet. at 16 (citing United States v. Randall, 171 F.3d 195 (4th Cir. 1999)); see also Resp. to Am. Mot. to Dismiss at 18.[9]  According to Hoffman, this "constructive amendment" of the indictment, by altering it to change the elements charged, and convicting the defendant of a crime other than that charged in the indictment, violates the Fifth Amendment. Am. Pet. at 13.

Hoffman's second claim also fails the Wheeler test.  On its face, Hoffman's argument is a constitutional, not statutory, one.  Even assuming Hoffman intends to make a statutory argument (which, in any event, would be unavailing in this context), he cannot meet Wheeler's requirements.

> A defendant may not be convicted of an offense different from that charged in the indictment.  An indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively amend the indictment by broadening the possible bases for conviction from that which appeared in the indictment.  A constructive amendment violates the Fifth Amendment's guarantee of indictment by grand jury.  The key analysis is whether the defendant was convicted of the same conduct that was charged in the indictment; if he is convicted of the same offense that was charged in the indictment, there is no constructive amendment.

United States v. Wright, 936 F. Supp. 2d 538, 544 (E.D. Pa. 2013); see also United States v. Daraio, 445 F.3d 253, 259-60 (3d Cir. 2006) ("The key inquiry is whether the defendant was convicted of the same conduct for which he was indicted."); accord Randall, 171 F.3d at 198. If he is not, however, the indictment has been constructively amended.  See United States v.

---

[9] As Hoffman notes, Randall states that the government was not required to specify a specific § 924(c) predicate offense. 131 F.3d at 208; see also United States v. Danzell, No. 7:05-cr-00024-GEC, 2005 WL 2406093, at *1 (W.D. Va. Sept. 29, 2005) (quoting Randall); Am. Pet. at 15-16. "However, the government did in fact specify the § 924(c) predicate offense on which it was relying, and this specification of the § 924(c) predicate offense in the indictment is of considerable consequence." Randall, 171 F.3d at 208; see also Am. Pet. at 16-17.

Syme, 276 F.3d 131, 136 (3d Cir. 2002) (reversing conviction where, albeit inadvertently, the district committed plain error by "constructively amending the indictment by instructing the jury on a fraud theory that was not alleged in the count."); Randall, 171 F.3d at 198 (reversing convictions where § 924(c) convictions rested upon proof of different predicate offense than the one specified in indictment). Thus, taking Hoffman's allegations as true, the law at the time of his sentencing, far from "establish[ing] the legality of the sentence . . . ," Wheeler, 886 F.3d at 429, established the illegality of his sentence, see Daraio, 455 F.3d at 260 ("[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him."); Randall, 171 F.3d at 198. Accordingly, Wheeler's first requirement has not been met.

This is an issue which should have been brought on direct appeal, when Hoffman challenged the sufficiency of the evidence as to the "carrying and use, during and in relation to a drug trafficking crime offense (count three) . . . ," United States v. Hoffman, 148 Fed. App'x at 127,[10] or in his first motion to vacate under § 2255, United States v. Hoffman, 2009 WL 3540770, at * 4. The fact that he did not do so does not render § 2255 "inadequate or ineffective" for purposes of § 2255(e). See Jones, 226 F.3d at 333; Vial, 115 F.3d at 1194 n.5. Therefore, he cannot now bring this claim under § 2241.

Finally, Hoffman challenges his sentence as a career offender under the ACCA and United States Sentencing Guidelines ("USSG"). Am. Pet. at 17, 22. He states that he does not have three violent felonies because his Virginia robbery convictions were not "[c]rimes of violence" absent the residual clause. Id. at 20. Therefore, he argues that his "ACCA conviction and sentence under §924(e) must be vacated and Petitioner must be sentenced without

---

[10] The court notes that Randall, on which Hoffman relies, was a direct appeal. See 171 F.3d at 203.

consideration of the career offender [guideline] or the ACCA." Id. at 22. The issue currently before the court, however, is not whether Hoffman's Virginia robbery convictions are crimes of violence for purposes of the ACCA. The question is whether he may bring this claim in a habeas petition under § 2241, utilizing § 2255's savings clause. He may not.

As discussed previously, Johnson, which invalidated the residual clause of the ACCA, was challenged, and decided, on constitutional grounds. See Johnson, 135 S.Ct at 2563 (imposing increased sentence under residual clause of ACCA "violates the Constitution's guarantee of due process"); see also Am. Pet. at 17 ("Because a sentence imposed under the residual clause denies due process of law, the Supreme Court in Johnson invalidated the residual clause of the ACCA . . . ."). Wheeler addresses sentencing challenges based on retroactive changes in statutory law. See 886 F.3d at 429. Sentencing challenges based on constitutional rulings fall within the parameters of § 2255(h)(2); therefore, the savings clause is unavailable. See id. ("Third, the petitioner must otherwise be unable to meet the requirements of § 2255(h)(2) for second or successive motions."). Hoffman's ACCA argument thus fails for the same reason his § 924(c) argument failed: constitutional arguments do not fit within the confines of Wheeler. See id.

Hoffman further argues that "[t]he Supreme Court's invalidation of the ACCA residual clause leads to the conclusion that the residual clause of the Career Offender guideline, §4B1.1 and 4B1.2, is also invalid." Am. Pet. at 19. Hoffman states that "[b]ecause petitioner's career offender sentence was imposed under §4B1.2's unconstitutional residual clause, there is a significant risk that it is not authorized by substantive law, requiring reversal in this §2241 proceeding." Id. at 17. Therefore, "this Court should allow Petitioner to proceed by way of

section 2241, find that Petitioner meets the New 2241 test pursuant to United States v.

Wheeler, and vacate Petitioner's conviction and sentence." Id.

Pursuant to § 4B1.1 of the USSG:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). At the time of Hoffman's sentencing, § 4B1.2 defined "crime of violence" as follows:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year that--

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a). The portion of clause following "or otherwise" was known as the "residual clause." Beckles v. United States, 137 S.Ct. 886, 891 (2017).

In Beckles, the Supreme Court rejected an argument identical to Hoffman's, that, pursuant to Johnson, the residual clause of § 4B1.2 was unconstitutionally vague. Id. at 890. The Court held that the United States Sentencing Guidelines were not amenable to a vagueness challenge under the Due Process clause because they merely guided the exercise of a judge's discretion in sentencing. See id. at 892 ("Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range.

14

Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause."); see also id. at 894. The Court held that "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." Id.; see also id. at 896, 897 (same).

Beckles impacts Hoffman's sentencing guidelines argument in two ways. First, as did the petitioner in Beckles, Hoffman is again making a constitutional argument, despite his brief reference to "statutory law," Am. Pet. at 17, and Beckles was a constitutional decision, see 137 S.Ct. at 890 (holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause"). Wheeler refers to retroactive changes in substantive law subsequent to a defendant's conviction and sentencing. See Wheeler, 886 F.3d at 429-30 (describing requirements and explaining why petitioner satisfied the first three).

Moreover, Beckles changed nothing. It did not alter the United States Sentencing Guidelines; it simply held that they were not subject to a due process challenge on vagueness grounds, Beckles, 137 S.Ct. at 890, and that, specifically, § 4B1.2(a)(2) was not void for vagueness, id. at 892. The fact that the U.S. Sentencing Commission subsequently amended § 4B1.2 to eliminate the residual clause, see USSG Manual, supp. to app. C, amend. 798 (U.S. Sentencing Comm'n 2018),[11] does not help Hoffman's Wheeler argument, see Am. Pet. at 20 (noting that "the U.S. Sentencing Commission has already deleted the residual clause of 4b1.1(a)(2) [sic] in order to make the guidelines consistent with Johnson"). That amendment has not been made retroactively applicable to cases on collateral review. See USSG § 1B1.10(d). (listing amendments to be applied retroactively). Therefore, with respect to Hoffman's

---

[11] The residual clause was eliminated by amendment effective August 1, 2016, in part as a result of Johnson. See USSG Manual, supp. to app. C, amend. 798, cmt. (U.S. Sentencing Comm'n 2018).

sentencing guidelines argument, Wheeler's second condition has not been met. See Wheeler, 886 F.3d at 429.[12]

Hoffman has not satisfied Wheeler's requirements with respect to any of his claims and, as a result, cannot proceed under the savings clause and § 2241. See Rosario v Breckon, No. 7:18-cv-00255-GEC, 2019 WL 4306982, at *4 (W.D. Va. Sept. 11, 2019). Accordingly, subject matter jurisdiction over the petition is lacking. See Wheeler, 886 F.3d at 423. The court therefore grants the amended motion to dismiss and dismisses the amended petition without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).[13]

## III.

In addition to his § 2241 petition, Hoffman has filed several motions: a motion for permission to supplement the petition to add an actual innocence claim based on the Supreme Court's decision in Rehaif v. United States, 139 S.Ct. 2191 (2019); a letter motion to supplement his petition with an argument under Davis v. United States and for a hearing on the Davis issue; and a motion to place the petition in abeyance. The court will address each motion separately.

---

[12] In Lester, the Fourth Circuit allowed a guidelines challenge based on a misclassification as a career offender, which increased Lester's mandatory sentencing range. 909 F.3d at 712. Lester is distinguishable.

    Lester challenged his designation as a career offender because one of the convictions on which the designation was based was later found not to be a crime of violence. Id.; see also Chambers v. United States, 555 U.S. 122, 127-28 (2009). Chambers had been deemed to apply retroactively to cases on collateral review. Lester, 909 F.3d at 712. Chambers, however, was a "decision of statutory interpretation, not constitutional law." Id. Therefore, Lester satisfied Wheeler's second condition. See id. Hoffman does not.

[13] Based on its determination that it lacks subject matter jurisdiction over Hoffman's petition, the court need not convert the motion to dismiss to one for summary judgment. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

First, Hoffman seeks permission to supplement the petition to add an actual innocence claim under Rehaif. He argues that the Supreme Court's decision in Rehaif renders him actually innocent of the 18 U.S.C. § 922(g) charge. First Mot. to Supp. at 1. Section 922(g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition . . . . A separate provision, § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to 10 years." Rehaif, 139 S.Ct. at 2194; see also 18 U.S.C. § 922(g). The Court held that in order to convict a defendant under §§ 922(g) and 924(a), the Government must prove "that the defendant knew he possessed a firearm and also that he knew that he had the relevant status when he possessed it." Rehaif, 139 S.Ct. at 2194. According to Hoffman, "he did not have knowledge that he belonged to the relevant category of persons barred from possessing a firearm." First Mot. to Supp. at 3; see also id. at 5 ("Because all th[e] elements of the offense was [sic] not proven by the government, and because Petitioner did not have knowledge that he belonged to the relevant category of persons barred from possessing a firearm, he is actually innocent."). Hoffman asks the court to order that an evidentiary hearing be held, that his conviction and sentence under § 922(g) be vacated, that he be resentenced to time served, and that Count Six be dismissed. See id. at 8.[14]

The court construes the motion to supplement as a motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure. See United States v. Kelley, No. 7:16-cr-00022-EKD-RSB, 2019 WL 6718103, at *2 (W.D. Va. Dec. 10, 2019); see also Fed. R. Civ. P. 81(a)(4)

---

[14] Because it lacks jurisdiction over the petition, the court cannot grant Hoffman the relief he requests. See Second Mot. to Supp. at 1; see also Moss, 2019 WL 7284989, at *9 n.3 (noting that "a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases . . . .").

> When, as here, more than 21 days have passed after service of the government's answer, Rule 15(a)(2) permits amendment of the petition only with the government's written consent or leave of court. The rule further provides that the court should freely give leave when justice so requires. Leave to amend should be granted in the absence of bad faith, undue prejudice to the opposing party, or futility of the amendment.

Kelley, 2019 WL 6718103, at *2.

Here, amendment would be futile. As discussed above, in order to utilize § 2255's savings clause and bring his claim pursuant to § 2241, Hoffman must meet the conditions set forth in Jones and Wheeler. See Wheeler, 886 F.3d at 429; Jones, 226 F.3d at 333-34. The Fourth Circuit has noted that Rehaif abrogated prior circuit precedent. United States v. Lockhart, 947 F.3d 187, 196 (4th Cir. 2020) (citing United States v. Langley, 62 F.3d 602 (4th Cir. 1995), abrogated by Rehaif, 139 S.Ct. 2191). Thus, the first prong of the Jones and Wheeler tests is satisfied. See Wheeler, 886 F.3d at 429; Jones, 226 F.3d at 333-34.

Hoffman, however, cannot satisfy the second requirement. Since Rehaif, several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal. See, e.g., Swindle v. Hudgins, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D. W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of Jones."); Taylor v. Huggins, No. 5:19-cv-291, 2019 WL 6481799, at *3 (W.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy

18

the second element of Jones."), adopted by 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019);

Moss v. Dobbs, No. 8:19-cv-02280, 2019 WL 7284989, at *9 (D.S.C. Sept. 23, 2019) ("[T]he

savings clause test in Jones requires that subsequent to a prisoner's direct appeal and first §

2255 motion, the substantive law changed such that the conduct of which the prisoner was

convicted is deemed not to be criminal.  Here, no such change occurred."), adopted by 2019

WL 5616884 (D.S.C. Oct. 31, 2019); see also Moss, 2019 WL 7284989, at *6-7.  Further, in

terms of Wheeler, the Supreme Court did not indicate that Rehaif was retroactively applicable

to cases on collateral review.  See Williams v. United States, No. 3:17-cr-00241, 2019 WL

6499577, at *2 (W.D.N.C. Dec. 3, 2019) ("[T]he Supreme Court did not make Rehaif

retroactive to cases on collateral review."); Waters v. United States, No. 4:15-cr-158, 2019 WL

3495998, at *5 (D.S.C. Aug. 1, 2019) (denying motion to appoint counsel to present a Rehaif

claim in part because "there is no indication that the Supreme Court has made the holding in

Rehaif retroactively applicable to invalidate an otherwise final conviction under § 922(g).").[15]

Therefore, because Hoffman cannot satisfy all the Jones and Wheeler conditions, the

court would be required to dismiss a Rehaif claim for lack of jurisdiction.  See Swindle, 2020

WL 469660, at *3 ("Consequently, because petitioner attacks the validity of his conviction and

fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings

clause to seek relief under § 2241.  Where, as here, a federal prisoner brings a § 2241 petition

that does not fall within the scope of the savings clause, the district court must dismiss the

unauthorized habeas motion for lack of jurisdiction.") (citing Rice v. Rivera, 617 F.3d 802, 807

(4th Cir. 2010) (per curiam)).  Accordingly, the first motion to supplement is **DENIED**.

---

[15] Rehaif was a direct appeal.  See Rehaif, 139 S.Ct. at 2195.

Second, Hoffman seeks to supplement his <u>Dimaya</u> argument with an argument based on <u>United States v. Davis</u> and requests a hearing "consistent with <u>Davis</u>." Second Mot. to Supp. at 1. Hoffman contends that his conviction and sentence for using and carrying a firearm during and in relation to a crime of violence (Count 5), must be vacated because conspiracy to commit Hobbs Act robbery qualified as a crime of violence only under § 924(c)'s residual clause, which <u>Davis</u> held was unconstitutionally vague. See <u>id.</u> at 2. He requests that the court hold a hearing at which his § 924(c) conviction would be vacated and he would be resentenced on the remaining counts. See <u>id.</u>[16]

The court has already discussed <u>Davis</u> in the context of Hoffman's <u>Dimaya</u> claim and found that <u>Davis</u> was a constitutional, not statutory, ruling, as were its predecessors, <u>Johnson</u> and <u>Dimaya</u>. Thus, they do not meet the <u>Jones</u> and <u>Wheeler</u> criteria for use of the savings clause and § 2241. Allowing the second motion to supplement would therefore be futile because the court would be required to dismiss the claim for lack of jurisdiction. See <u>Rice</u>, 617 F.3d at 807. Accordingly, Hoffman's second motion to supplement the petition to include a <u>Davis</u> argument is **DENIED**.

Third, Hoffman seeks to stay proceedings while he is "out on a writ" to attend evidentiary hearings in two civil cases in California. Mot. to Stay at 1. The motion to stay, or place the petition in abeyance, is **DENIED** as moot.

## IV.

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over Hoffman's petition. Accordingly, the court will **GRANT** respondent's amended

---

[16] See n.14.

motion to dismiss or, in the alternative, motion for summary judgment, and **DISMISS** the amended petition without prejudice. An appropriate order will issue this day. All remaining motions will be denied.

**ENTERED**: This 26th day of February, 2020.

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge